Grover A. Lycan v. Commissioner.
Lycan v. Commissioner
Docket No. 27727.
United States Tax Court
1951 Tax Ct. Memo LEXIS 281; 10 T.C.M. (CCH) 278; T.C.M. (RIA) 51077; March 27, 1951
*281 Albert J. Weil, Esq., for the petitioner. Elmer A. Lyon, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in the income tax of the petitioner in the amount of $98 for the calendar year 1947. The sole question presented is whether the petitioner is entitled to claim as dependents on his 1947 Federal income tax return his two minor children, Donald and Billie Lycan, who were in the custody of their mother, the divorced wife of the petitioner. Findings of Fact Petitioner is a resident of Anderson, Indiana. He filed his income tax return for the taxable year 1947 with the collector of internal revenue for the district of Indiana, at Indianapolis, Indiana. Petitioner and Marjorie Lycan were married in November 1932. Two children were born of this marriage, namely, Donald E. and Billie R. Lycan. Petitioner and Marjorie Lycan were divorced in November 1942, and she was granted the custody of the children. They have made their home with their mother ever since, including the year 1947. During that year, Donald and Billie were fourteen and seven years of age, respectively. Both attended school. Marjorie *282 Lycan rented a "five room modern" house which she maintained as a home for herself and the children. It was necessary for her to work in order to support them. During 1947 she worked five days a week from 8:00 a.m. to 5:00 p.m. each day. For her services she received compensation during 1947 in the amount of $1,787.70. Since she was away all day, it was necessary for her to engage a housekeeper to care for the children and to get them off to school in the morning. The housekeeper lived in her house and received as a part of her compensation her room and board. The housekeeper's principal duty was to take care of the boys, but she also helped with the house work. During 1947 Marjorie Lycan received $694 from the Madison Circuit Court in Anderson, Indiana. This amount was paid to the court by petitioner for the support of his two children. During the year the petitioner gave the children $50 worth of clothing, and he gave Donald an average of $1.50 per week as spending money. The two children visited petitioner on the third Sunday of each month from twelve noon to eight p.m. During these visits the petitioner gave each of the children two meals. Donald made additional visits to petitioner's *283 home on the average of three times a week after school, and the petitioner gave him some meals during these visits. In connection with the maintenance of a home for herself and her children, Marjorie Lycan incurred the following expenses during the year 1947: Rent
$ 360.00
Gas
55.36
Heat
89.50
Electricity
26.95
Water and Sewage
18.60
Groceries
728.00
Housekeeper
624.00
$1,902.41
In addition, during 1947, Marjorie Lycan spent the following amounts solely for the support and maintenance of her children: Milk
$ 95.55
Clothing
165.00
Haircuts
25.00
Bus Fare - School
* 27.00
Spending money
* 52.00
Dry cleaning
25.00
School supplies
* 25.00
Lunches
* 36.00
Medical expenses
52.00
$502.55
Marjorie Lycan spent very little for clothes or entertainment for herself in 1947. Her sisters gave her clothing from time to time. Petitioner in his income tax return for 1947 claimed his son Billie Lycan as a dependent and his former wife claimed both of the children as dependents in her return. The respondent determined that the petitioner was not entitled to claim his son Billie *284 as a dependent in 1947. In his petition the petitioner alleges that he provided "Major Support" for both of his sons during 1947 and was entitled to claim both of them as dependents. The petitioner did not contribute more than one-half of the support of either of his two minor children, Billie Lycan and Donald Lycan, during the year 1947. Opinion RAUM, Judge: The question presented in this proceeding is one of fact. Although the evidence is by no means overwhelming, we are satisfied that petitioner did not contribute more than one-half of the support of either of his children during 1947. He is not, therefore, entitled to an exemption for either Donald or Billie for that year. Decision will be entered for the respondent. Footnotes
*. These expenditures were for Donald only.↩